SUMMARY ORDER

Petitioner Guo Heng Huang, a native and citizen of the People’s Republic of China, seeks review of a September 24, 2008 order of the BIA affirming the July 23, 2007 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan denying Huang’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Guo Heng Huang, No. A076 505 794 (B.I.A. Sept. 24, 2008), aff'g No. A076 505 794 (Immig. Ct. N.Y. City July 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B). We review de novo questions of law and the application of law to undisputed fact. See Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
We conclude that the agency properly denied Huang’s application for asylum, withholding of removal, and CAT relief. In Shi Liang Lin v. U.S. Dep’t of Justice, we held that the definition of “refugee” under 8 U.S.C. § 1101(a)(42) does not extend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d 296, 314 (2d Cir.2007). Rather, those persons may qualify for refugee status if they can prove past persecution, or a well-founded fear of persecution, “for ‘resistance’ that is directly related to [their] own opposition to a coercive family planning policy.” Id. at 313. Thus, the agency properly determined that Lin is not eligible for relief based solely on his wife’s alleged forced sterilization. See id. at 314.
*635 Nevertheless, Huang argues that the agency erred in denying his claim because he demonstrated “other resistance” to the family planning policy. That argument is unavailing. Even assuming, arguendo, that Huang demonstrated “other resistance” to the family planning policy by hiding from the Chinese government, he fails to establish that the Chinese government persecuted him, or seeks to persecute him, on account of such resistance. See Shi Liang Lin, 494 F.3d at 313. While he asserts that the authorities fined him and his wife, he fails to establish how such fines were persecutive in nature. See Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002). Accordingly, we cannot conclude that the agency erred in finding that Huang was not “persecuted for failure or refusal to undergo” an involuntary sterilization. See U.S.C. § 1101(a)(42).
Moreover, Huang’s own testimony indicates that the Chinese government stopped looking for him after his wife was sterilized. Because he has not identified anything in the record to demonstrate that the authorities have any continuing interest in him, he cannot establish that he has a well-founded fear of persecution. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). Finally, because Huang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, as all three claims were based on the same set of facts. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).